**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE FRANCISCO QUINCHE CAISAGUANO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1467-KC** |
| **MARY DE ANDA-YBARRA, et al.,** | § § § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Jose Francisco Quinche Caisaguano's Petition for a Writ of Habeas Corpus, ECF No. 1.

This Court granted in part Quinche Caisaguano's pervious petition for a writ of habeas corpus on procedural due process grounds on March 17, 2026. *See* Order, *Quinche Caisaguano v. De Anda-Ybarra*, 3:26-cv-627-KC (W.D. Tex. Mar. 17, 2026), ECF No. 5. And ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. *Id.* at 3.

In compliance with the Court's March 17 Order, Quinche Caisaguano was provided with a bond hearing on March 19, at which the IJ determined that Quinche Caisaguano was a flight risk and denied him bond on this basis. Final J., *Quinche Caisaguano*, 3:26-cv-627-KC (W.D. Tex. Mar. 26, 2026), ECF No. 7. Finding no matters remained to be resolved, the Court closed the case. *Id.*

Quinche Caisaguano has now filed the instant Petition, seeking his release or a bond hearing.  Pet. 19.  Construing the pro se Petition liberally, Quinche Caisaguano brings claims under the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, and the Fourth Amendment.  *See id.* at 13–18; *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (construing pro se litigant's filing liberally); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

As for procedural due process, Quinche Caisaguano already received a bond hearing on March 19, at which he was denied bond due to flight risk.  *See* Final J., *Quinche Caisaguano*, 3:26-cv-627-KC.  And Quinche Caisaguano's new Petition does not contain any allegations that would indicate that the IJ failed to make factual findings or conduct an individualized determination.  When an individual has already received an individualized custody determination by an IJ, this Court "lacks jurisdiction to sit in review of [the] IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction.  Accordingly, because Quinche Caisaguano received a bond hearing, and this court lacks jurisdiction to review his bond denial, he does not have a viable procedural due process claim.

To the extent Quinche Caisaguano also challenges his detention as prolonged, although detention in the pre-removal order context may become unconstitutionally prolonged at some point, it has not reached that point here.  *See* Pet. 15–16; *see, e.g., Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015).  The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes.  *See, e.g., Alves v. U.S. Dep't of Justice*, No.

3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025).  Although there is no defined point at which detention becomes unreasonably prolonged, this Court has found that detention exceeding twenty-six months in the pre-entry, pre-final-removal order context is unreasonable.  *Maldonado*, 150 F. Supp. 3d at 809–811.  Other Courts in this District have found that detention exceeding twenty months was impermissibly prolonged in the same context.  *See Em v. Mayorkas*, No. 3:26-cv-411-DB, 2026 WL 1396218, at *5–7 (W.D. Tex. May 19, 2026).  Quinche Caisaguano has been detained for nine months, which does not come close to the length of detention that courts have found to be unreasonably prolonged.  Thus, any substantive due process claim fails at this time.

Quinche Caisaguano also appears to challenge his detention based on his warrantless arrest under the Fourth Amendment.  *See* Pet. 16–18.  But the Supreme Court has ruled that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."  *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (citations omitted).  Thus, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding."  *Id.* at 1040 (citation omitted).  And where detention is pursuant to that deportation proceeding, habeas relief is unavailable to remedy the illegal arrest.  *See Carnesolta v. Tate*, No. 26-cv-1006, 2026 WL 948727, at *3–4 (S.D. Tex. Apr. 8, 2026) (finding habeas relief unavailable to remedy warrantless arrest because "an illegal *arrest* has no bearing on the legality of detention *following* that arrest") (emphasis in original)).  Thus, Quinche Caisaguano is not entitled to relief on this claim either.

Lastly, Quinche Caisaguano brings a claim under the Administrative Procedure Act ("APA").  Pet. 15.  The basis of this claim appears to be Respondents' "fail[ure] to provide

[Quinche Caisaguano] with any meaningful opportunity to present argument or evidence in favor of his release" despite the fact that "he has established that he is eligible to adjust his status to that of a Legal Permanent Resident." *Id.*  As stated above, Quinche Caisaguano was provided with a bond hearing.  But even so, the Fifth Circuit has held that the Immigration and Nationality Act does not entitle people in Quinche Caisaguano's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).  Thus, any alleged failure to provide Quinche Caisaguano with a bond hearing cannot form the basis of an APA claim, as there is no violation of a statute.

In sum, Quinche Caisaguano has already received relief from this Court on his procedural due process claim, and the Court lacks jurisdiction to review the IJ's flight risk determination. And Quinche Caisaguano's additional claims do not entitle him to habeas relief at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice as to Quinche Caisaguano's prolonged detention claims and with prejudice as to Quinche Caisaguano's procedural due process, Fourth Amendment, and APA claims.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 4th day of June, 2026.**

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

4